Matthew C. Mullhofer (SBN 201527)
LAW OFFICES OF MATTHEW C. MULLHOFER
2107 North Broadway, Suite 103
Santa Ana, CA 92706
Telephone:  (714) 827-9955
Facsimile:  (714) 827-9966
Email:  mcm@matthewcmullhofer.com


Attorney for Plaintiff,
Freeman Property Ventures, LLC


# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an Individual,<br><br>                     Plaintiff,<br><br>v.<br><br>FREEMAN PROPERTY VENTURES LLC, a Nevada limited liability company, and DOES 1 through 10, inclusive,<br><br>                     Defendants. | CASE NO.: 5:20-cv-00094-JFW (SHK)<br><br>**DEFENDANT, FREEMAN PROPERTY VENTURES, LLC'S BRIEF ON ORDER TO SHOW CAUSE.**<br><br>**Action Filed:     March 31, 2020** |

Defendant  Freeman  Property  Ventures  LLC  ("Freeman"),  by  and  through  its attorney  of  record,  hereby  submits  its  brief  in  response  to  this  Court's  Order  to  Show Cause  as  to  why  Defendant's  should  not  be  sanctioned  or  have  its  Answer  stuck  from  the record for failure to file a Joint 26(f) report as follows:

Defendant's  counsel  offers  his  apologies  to  this  Court  as  his  office,  due  to  an oversight of staff and a result of reduced hours due to the COVID-19 crisis did not

receive the Court's Scheduling Order of May 19, 2020 (Dkt. #18) and thus failed to calendar the deadline in which to file the Joint 26(f) Report.

Further, Defendant's counsel did not receive any communication from Plaintiff's counsel regarding the Joint 26 (f) Report until the day the Report was due to be filed on June 15, 2020 at 8:55 a.m. which did not allow Defendant's counsel a reasonable amount of time to prepare Defendant's Joint 26(f) Report in a manner suitable for filing timely.

It is a well-settled issue that a defendant does not have a duty to prosecute Plaintiff's case on his behalf. Plaintiff's counsel attempted contact with Defendant's counsel on the very day the Joint 26(f) Report was due, which is in non-compliance with USCS Fed. Rule Civ. Proc. 26(f)(1) which states: "*Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b). Also, contained within the Scheduling Order made by this Court on May 19, 2020 the Court ordered "A Scheduling Conference is set for the date and time set forth in the caption.1/ Counsel shall meet at least twenty-one (21) days in advance of the Scheduling Conference to prepare a jointly signed report for the court to be submitted no less than fourteen (14) days before the Scheduling Conference." (*see* Scheduling Order of May 19, 2020, Dkt. #18 at pg. 1, ln. 25 through pg. 2, ln. 3) Thus, Plaintiff's counsel was derelict in its duty to contact Defendant's counsel at least 21 days in advance of the Scheduling Conference. If Plaintiff's counsel would have contacted Defendant's counsel as ordered by this Court, a meaningful and productive discussion regarding the discovery issues pertinent to the instant matter could have been made and a Joint Rule 26(f) could have been filed by the parties.

Instead, Plaintiff's counsel is attempting to have the instant matter decided by a procedural dismissal of Defendant's remedies at law by filing the Unilateral 26(f) Report without conforming to the Court's Order of May 19, 2020 by at contacting Defendant's

council at least 21 days prior to the Scheduling Conference. Defendant should not be prejudiced by Plaintiff's counsel's gamesmanship in an attempt to have Defendant's Answer stricken from the Court's record and/or have sanctions levied against Plaintiff, when Plaintiff failed to prosecute his own case in good faith and in accordance with the Court's Orders.

Defendant, respectfully requests this Court orders Plaintiff and Plaintiff's Counsel to engage in a meaningful meeting and discussions with Defendant's counsel to prepare a copesetic discovery plan to be filed with the Court in an expeditious time frame as to not affect any trial dates in the instant matter.

Defendant further respectfully requests this Court orders no sanctions or the striking of Defendant's Answer from the Court's record as to do so would be prejudicial to this Defendant and would result in an inequitable result of the litigation in Plaintiff's favor as Plaintiff failed to comply with the Court's Order of May 19, 2020, as well as Defendant.

Respectfully submitted,


DATED: June 29, 2020                    Law Office of Matthew C. Mullhofer


                                        By:_____/s/_____
                                            Matthew C. Mullhofer, Attorney at Law
                                            Attorneys for Defendants,
                                            Freeman Property Ventures, LLC

## <u>PROOF OF SERVICE</u>

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, state of California.  I am over the age of 18 and not a party to the within action; my business address is 2107 North Broadway, Suite 103, Santa Ana, California 92706.

On **June 29, 2020,** I served the foregoing document(s) described as **DEFENDANT, FREEMAN PROPERTY VENTURES, LLC'S BRIEF ON ORDER TO SHOW CAUSE** on the interested parties in this action as follows:

| | |
|---|---|
| Joseph R. Manning, Jr., Esq.<br>MANNING LAW, APC<br>20062 SW Birch Street, Ste. 200<br>Newport Beach, CA 92660<br>(949) 200-8755<br>DisabilityRights@manninglawoffice.com | |

[X]     <u>BY PLACING</u> [X] the original [ ] a true copy thereof enclosed in a sealed envelope(s) to the notification address(es) of record and transmitting via:

[ ]     <u>U.S. MAIL</u>:  I caused such envelope(s) to be delivered by first-class mail.  I am "readily familiar" with the firm's practice of collection and processing mail.  It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]     <u>OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered by overnight delivery by close of business the next business day.

X]     <u>ELECTRONIC TRANSMISSION</u>:  I electronically transmitted a true and correct copy thereof to the email address(es) of record before close of business for the purpose of effecting service and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on **June 29, 2020** at Santa Ana, California.

_____/S/_____

Sean Webb