Matthew C. Mullhofer (SBN 201527)
LAW OFFICES OF MATTHEW C. MULLHOFER
2107 North Broadway, Suite 103
Santa Ana, CA 92706
Telephone: (714) 827-9955
Facsimile: (714) 827-9966
Email: mcm@matthewcmullhofer.com

Attorney for Plaintiff,
Freeman Property Ventures, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> FREEMAN PROPERTY VENTURES LLC, a Nevada limited liability company, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 5:20-cv-00638-PA (ASx) <br><br> **MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS AND LACK OF JURISDICTION** <br><br> Date: February 1, 2021 <br> Time: 1:30 P.M. <br> Courtroom: 9A <br> Assigned to Hon. Percy Anderson <br> Complaint Filed: March 31, 2020 |

Defendant, Freeman Property Ventures, LLC a Nevada Limited Liability Company, hereby moves this Court to dismiss the Plaintiff's Complaint because all federal question jurisdiction claims alleged in the Complaint have been rendered moot and this court lacks subject matter jurisdiction over the remaining claims. This motion is based on the following points and authorities.

\\\
\\\

3
**DEFENDANT, FREEMAN PROPERTY VENTURES, LLC'S MOTION TO DISMISS**

# I. INTRODUCTION & BACKGROUND

Plaintiff James Rutherford filed this action alleging physical barriers inconsistent with the Americans with Disabilities Act (the "ADA") prevented him from visiting Defendant Freeman Property Ventures LLC's business located in Victorville. Under the ADA a private plaintiff's only federal cause of action is to seek injunctive relief (i.e., for removal of alleged ADA barriers). 42 U.S.C. § 12188(a)(2) and *Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). Because the ADA limits strictly limits remedies to injunctive relief "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." [emphasis added] Oliver v. Ralphs Grocery Co.,* at 905. The removal of all alleged ADA barriers moots a plaintiff's ADA-related claims thus, mooting the plaintiff's only federal question jurisdiction claims.

All other claims for relief (such as monetary claims) before this court arise from state law which this court may only hear via supplemental jurisdiction. The Plaintiff may re-bring his remaining state law claims in the state courts; but this matter no longer belongs in this courthouse. However, Defendant highly doubts this possibility as Plaintiff is a vexatious litigant; to the extent he and his attorneys of record in this matter have been named in a civil lawsuit filed by the District Attorney of Riverside County. Within the Complaint filed by the Riverside County District Attorney's Office, District Attorney Mike Hestrin who filed the Complaint summarizes Plaintiff Rutherford's by and through the Manning Law are a "shakedown" and "The ADA laws are designed to help and protect disabled persons. The individuals who make false statements in court and the attorneys who manipulate these laws do so for the purpose of illegitimate financial gain," the district attorney's office said in a statement. "These abuses not only hurt the specific small-business owners; they also jeopardize the long-term legal protections of the disabled persons these laws were designed to help."

\\\

## II. SUMMARY OF FACTS

Plaintiff James Rutherford filed a complaint alleging physical barriers in consistent with the Americans with Disabilities Act (the "ADA") prevented him from visiting the Defendant Freeman Property Ventures LLC Victorville business located at 14335 Hesperia Road, Victorville, California 92395.

The Plaintiff's complaint names a number of alleged ADA access barriers and seeks injunctive relief for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12102(2), Plaintiff also seeks monetary damages various statutes under California state law.

Defendant Freeman Property Ventures, LLC has removed all alleged ADA barriers; including re-grading the parking lot and sidewalks. (See 7/20/2020 CASp Report attached as Exhibit "A"). The attached CASp report was prepared by Craig Lobnow (CASp #634) of ProCASp Intelligent Accessibility Solutions, A California Certified Access Specialist (CASp") is an individual who has been certified as an expert in ADA and handicapped accessibility compliance by the State of California pursuant to *Ca. Gov't. Code* § 4459.5. Mr. Lobnow has inspected Defendant Freeman Property Venture, LLC's Property and has declared in his certified CASp opinion that the property is "found to be in substantial compliance with accessibility codes."

Plaintiff's Counsel was informed that all ADA barriers have been removed on August 18, 2020 via electronic email and has only pressured for a monetary settlement that is unwarranted in this matter as all alleged barriers have been removed from the subject property rendering Plaintiff's Complaint moot.

## III. POINTS AND AUTHORITIES

i. REMEDIES FOR THE PLAINTIFF'S FEDERAL QUESTION CLAIMS ARE STRICTLY LIMITED TO INJUNCTIVE RELIEF

Under the ADA a private plaintiff's sole remedy for ADA violations is to seek injunctive relief (i.e., the removal of the alleged ADA barriers). 42 U.S.C. § 12188(a)(2) and *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 905 (9th Cir. 2011). Under "the ADA,

private plaintiffs may not obtain monetary damages and therefore only prospective injunctive relief is available." *Id*. See also: *Parr v. Kapahulu Invs., Inc.,* 2000 U.S. Dist. LEXIS 7372 and *Castaneda v. Burger King Corp.,* 597 F. Supp. 2d 1035 and *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013). All monetary claims arise from state law and may only be heard by federal courts via supplemental jurisdiction.

As such, Plaintiff's federal question claims (his first cause of action) may only seek injunctive relief requiring the Defendant to remove all alleged ADA barriers named in the Complaint and existing on the 14335 Hesperia Road property.

The CASp Handicapped Accessibility Inspector's report (Exh. "A") and Plaintiff's counsel's own inspection establish that all alleged ADA barriers have been removed and remedied. Mr. Craig Lobnow (a certified accessibility inspector) has inspected the property and declared it to be fully compliant with the ADA. (See Exh. "A").

As such, the Defendant has already granted the full scope of the Plaintiff's sought federal question claims and remedies. The Plaintiff's federal question claims have therefore been rendered moot.

ii. <u>REMOVAL OF ALL ALLEGED BARRIERS MOOTS THE PLAINTIFF'S COMPLAINT AND SO THAT COMPLAINT SHOULD BE DISMISSED.</u>

"If plaintiffs already have received everything to which they would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot." *Grove v. De La Cruz,* 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005). "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot[.]" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).

Under the ADA "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim" because under the ADA a private plaintiff may only seek injunctive relief (i.e., for removal of the barrier). *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

\\\

A defendant's voluntary removal of all alleged ADA barriers prior to trial of moots the plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). The plaintiff's claim is mooted because per the ADA a private plaintiff may only seek injunctive relief (i.e., for removal of the barrier) and by removing all barriers the defendant has acquiesced to the sought injunction—mooting the federal claims. *Id*. With no injunction at controversy, the ADA claim becomes moot as it has lost its character as a "present, live controversy." *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir.1984).

In the present case the CASp inspector's report (Exh. "A") and the included reviews and inspection establish that all barriers have been removed. Defendant undertook to re-grad the parking lot and sidewalks at great expense to make them ADA-complaint. The Defendant's construction, remodeling, and signage efforts have been successful and the CASp has declared the Defendant's 14335 Hesperia Road property to be fully compliant with not only the ADA, but also the ADA Standards for Accessible Design and all other laws and regulation that apply. (Exh. "A," Pg 3 and 6).

The Plaintiff has been given notice and opportunity to inspect the Defendant's property and find for himself that his request for injunctive relief has been fully fulfilled. No claim of non- compliance has been raised by Plaintiff's counsel as of this date. All remedies sought under the ADA have been received. Per *Oliver* the Plaintiff's ADA claims have been mooted and the case should now be dismissed.

The Plaintiff cannot claim federal question jurisdiction based upon a past injury for which the sought-after injunctive relief has been acquiesced to. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); see also *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir.1987). The U.S. Supreme Court ruled that there could be no federal Article III standing when the plaintiff could not show the alleged unlawful

conduct would occur again in the future. *Id*. at 497-498. Since all barriers have been removed from the Defendant's property there is no chance that injury will re-occur.

Following *Oliver*, the removal of all ADA barriers moots all federal question jurisdiction claims. As such the federal question claims must be dismissed. After all federal jurisdiction claims are dismissed this Court must also dismiss all state law-based claims being heard via supplemental jurisdiction.

iii. <u>AFTER ALL FEDERAL QUESTION JURISDICTION CLAIMS ARE DISMISSED THIS COURT MUST DISMISS ALL CLAIMS BEING HEARD UNDER SUPPLEMENTAL JURISDICTION</u>

After all of the Plaintiff's federal question claim have been mooted all that remains are his state law claims for monetary damages; since monetary damages are not allowed under the ADA.

"In the usual case in which all federal-law claims are eliminated before trial, the balance of factors...will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); See also *Scott v. Pasadena Unified Sch. Dist.,* 306 F.3d 646, 664 (9th Cir. 2002). The relevant statute, 28 U.S.C. § 1367(c)(3), directs district courts to decline supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has direct or federal question jurisdiction. *28 U.S.C §1367 (c)(3).*

28 U.S. Code § 1367 (c)(3) applies to the present case because all of the Plaintiff's ADA- based, federal question jurisdiction claims have been mooted as stated in the previous section. Continued supplemental jurisdiction over the state law claims is improper and should be dismissed.

It is well settled that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). To adjudicate the remaining state claims in this matter would require knowledge of the California Building Code, the California

**DEFENDANT, FREEMAN PROPERTY VENTURES, LLC'S MOTION TO DISMISS**

Health & Safety Code, and other state laws and regulations. A state court is a better venue for these issues.

After the district court has dismissed all federal question jurisdiction claims; then it no longer has supplemental jurisdiction over related state law claims and "has a sua sponte obligation to dismiss he action." Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* §6:108.6 (The Rutter Group 2014) regarding 28 U.S. Code § 1367 (c)(3); (*See also Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 911 (9th Cir. 2011); *Sanford v. Member Works, Inc.,* 625 F.3d 550, 561(9th Cir. 2010); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Bryant v. Adventist Health System/West,* 289 F.3d 1162, 1169 (9th Cir. 2002) all discussing the dismissal of cases in which only supplemental jurisdiction over state law claims remains).

As stated in the previous section; the removal of alleged ADA barriers moots the Plaintiff's federal question claim; leaving only his supplemental state-law claims remaining before this Court. But, under the above stated law, once all federal claims are mooted or dismissed this court can no longer claim supplemental jurisdiction over the remaining state law claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966). Per the U.S. Supreme Court's ruling in United Mine Workers of America v. Gibbs the remaining supplemental jurisdiction claims are be dismissed to re- heard in the appropriate state court. *Id.*

    iv. <u>A MOOT COMPLAINT SHOULD BE DISMISSED</u>

An ADA complaint must be dismissed where a defendant's "voluntary removal of alleged barriers prior to trial" moots the federal law portions of the plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 905 (9th Cir. 2011). The proper action for such a mooted complaint is to dismiss the entire action as the Plaintiff lacks standing to pursue the case further in federal court.

The court cannot take jurisdiction over a claim to which "no effective relief can be granted." *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986). If an ADA plaintiff already received everything to which he would be entitled, i.e., the challenged

conditions have been remedied, then these particular claims are moot absent any basis for concluding that this plaintiff will again be subjected to the same wrongful conduct by this defendant." *Id*.

"If plaintiffs already have received everything to which they would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that these plaintiffs will again be subjected to the same alleged wrongful conduct by this defendant." *Independent Living Resources v. Oregon Arena Corp.*, 982 F. Supp. 698, 771 (D Or1997) citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

There is no evidence or any reason to suggest that Defendant will revert back to non- compliance with the ADA especially since doing so would actually cost Defendant more than continuing her ADA compliance.

Defendant's counsel has informed Plaintiff that all barriers have been removed and requested that he dismiss this complaint. As of today's, date the Plaintiff refuses to withdraw complaint case to the proper state court. Therefore, the Defendant must ask this Court to dismiss Plaintiff's ADA claims as moot.

    v. <u>SUMMARY JUDGMENT AND/OR DISMISSAL IS APPROPRIATE BECAUSE THE SOUGHT REMEDY HAS ALREADY BEEN GRANTED</u>

Summary judgment dismissing the Plaintiff's complaint is appropriate when there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine issue" exists if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the opposing party. *Twentieth Century-Fox Film Corp. v. MCA, Inc.,* 715 F.2d 1327, 1329 (9th Cir. 1983).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an

"absence of evidence" to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). In the present case the CASp Report (Exh. "A") and Plaintiff's counsel's own declination of inspection establish that the matter at controversy has already been resolved and mooted.

A party opposing such a motion for summary judgment or dismissal is required by Fed. R. Civ. P. 56(c) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id*. at 324. Conclusory allegations unsupported by factual allegations are insufficient to create a triable issue of fact or to preclude summary judgment or dismissal of the complaint. *Hansen v. United States, 7 F.3d 137, 138* (9th Cir. 1993). An opposing party must present enough evidence that a "fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, 477 U.S. at 255.

## V. CONCLUSION

Defendant's counsel has informed Plaintiff that all barriers have been removed and requested that he dismiss this complaint. As of today's date the Plaintiff refuses to withdraw complaint case to the proper state court. Therefore, the Defendant must ask this Court to dismiss Plaintiff's ADA claims as moot. For the foregoing reasons, the present action should be DISMISSED for lack of jurisdiction and this Court should grant summary judgment in favor of the defendant and dismiss the Plaintiff's complaint.

DATED: January 18, 2020                     Law Office of Matthew C. Mullhofer


By:_____/s/_____
         Matthew C. Mullhofer, Attorney at Law
         Attorneys for Defendants,
         Freeman Property Ventures, LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, state of California. I am over the age of 18 and not a party to the within action; my business address is 2107 North Broadway, Suite 103, Santa Ana, California 92706.

On **January 18, 2021,** I served the foregoing document(s) described as **DEFENDANT, FREEMAN PROPERTY VENTURES, LLC'S NOTICE OF MOTION TO DISMISS; and MOTION TO DISMISS DUE TO MOOTNESS** on the interested parties in this action as follows:

| | |
|---|---|
| Joseph R. Manning, Jr., Esq.<br>MANNING LAW, APC<br>20062 SW Birch Street, Ste. 200<br>Newport Beach, CA 92660<br>(949) 200-8755<br>DisabilityRights@manninglawoffice.com | |

[X]   BY PLACING [X] the original [ ] a true copy thereof enclosed in a sealed envelope(s) to the notification address(es) of record and transmitting via:

[ ]   U.S. MAIL:  I caused such envelope(s) to be delivered by first-class mail. I am "readily familiar" with the firm's practice of collection and processing mail. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]   OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered by overnight delivery by close of business the next business day.

X]   ELECTRONIC TRANSMISSION:  I electronically transmitted a true and correct copy thereof to the email address(es) of record before close of business for the purpose of effecting service and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on **January 18, 2021** at Santa Ana, California.

　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　Sean Webb